UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GINA G. D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-CV-05019-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to the medical opinion of Dr. Rex E. Head, MD. Had the ALJ properly considered Dr. Head's opinion, Plaintiff's residual functional capacity ("RFC") may have

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 29, 2015, Plaintiff filed an application for DIB and for SSI, alleging disability as of May 20, 2015. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ S. Andrew Grace on June 5, 2017. AR 15. In a decision dated November 13, 2017, the ALJ determined Plaintiff to be not disabled. AR 26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) evaluate the medical opinion evidence; (2) evaluate Plaintiff's subjective symptom testimony; and (3) assess Plaintiff's RFC and Step 5 of the sequential evaluation process. Dkt. 10, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the medical opinion of Dr. Head, all other medical opinion evidence, and Plaintiff's testimony.

The ALJ must provide "clear and convincing" reasons for denying an uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When either a treating or an examining physician's opinion is contradicted, the ALJ may deny the opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may do so by setting out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). A person is considered disabled only if she is unable to engage in any substantial gainful activity for "a continuous period of not less than 12-months" and can demonstrate such inability. 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff first asserts the ALJ improperly rejected Dr. Head's opinion, and points to two instances where she contends the ALJ erred. First, Plaintiff argues the ALJ erred when he rejected certain parts of Dr. Head's opinions that were "clear and specific" merely because other parts of Dr. Head's opinions were "not very specific." Dkt. 8, p. 24. Second, Plaintiff argues the ALJ erred when he believed that Dr. Head's opinion may not be indicative of Plaintiff's long-term limitations. *Id.*

On October 15, 2015, Dr. Head, an examining physician, conducted a physical exam of Plaintiff. AR 386-393. He documented his findings, including Plaintiff's diagnoses. AR 386-393. According to Dr. Head, the physical examination revealed that Plaintiff could lift/carry at one time up to 20 pounds, and lift/carry repeatedly up to 15 pounds. AR 390. Dr. Head opined Plaintiff can sit at one time for 2 hours, walk on flat level ground without a break for 10 minutes, and walk for 1 hour in an 8-hour day. AR 390. Dr. Head went on to note both Plaintiff's posture and her overhead and forward reaching had problems due to back pain. AR 390. Finally, Dr. Head opined Plaintiff can manipulate small objects or keyboard with no problem. AR 390.

The ALJ discussed Dr. Head's findings, and then stated:

> However, for three reasons, the undersigned only gives these opinions some weight. First, these opinions are not very specific. For example, Dr. Head does not explain what degree of limitation the claimant would have for each of the postural movements, so it is hard to translate those opinions in a function-by-function set of limitations that can be presented to a vocational expert. Second, Dr. Head uses terminology that is different from agency terminology, referring to lifting and carrying "repeatedly" instead of "frequently."
>
> However, the third and most significant issue related to these opinions is supportability over a 12-month period. Dr. Head saw the claimant just five months after the accident. There was simply no way he could know which of the claimant's work-related limitations would subside as the claimant continued to heal.

AR 24.

First, the ALJ discounted Dr. Head's opinion because some of the opinion was "not very specific." AR 24. The ALJ reasoned that because of the vagueness of Dr. Head's opinion, he was unable to translate all of Dr. Head's opinion in a "function-by-function set of limitations that can be presented to a vocational expert." "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13

(9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Similarly, an ALJ may not reject a physician's opinion based merely on broadness or vagueness. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). To the extent that a physician's report is ambiguous or inconsistent, the ALJ is required to recontact the issuing physician. 20 C.F.R. §§ 404.1512(e); 416.912(e); *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005); *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002); *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, even though Dr. Head's evaluations lacked precision regarding Plaintiff's postural reaching limitations, Dr. Head opined Plaintiff had problems with overhead and forward reaching due to back pain. Thus, the ALJ could have assured Dr. Head's opinion was properly taken into account by including a limitation on Plaintiff's ability to reach in the RFC. Furthermore, there is no evidence that the ALJ attempted to contact Dr. Head after the ALJ determined that Dr. Head's opinion was vague. Additionally, the ALJ cannot assign Dr. Head's opinion little weight merely because his opinions "are not very specific." AR 24. This reason is conclusory and is therefore not sufficient to discount Dr. Head's opinion. Thus, the ALJ's first reason for giving little weight to Dr. Head's opinion is not a specific and legitimate reason supported by substantial evidence.

Second, the ALJ discounted Dr. Head's opinion because it "uses terminology that is different from agency terminology, referring to lifting and carrying 'repeatedly' instead of 'frequently.'" AR 24. A conclusory statement is one that "stands alone, without any supporting facts…" *Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016). The ALJ's above statement is, by definition, a conclusory statement. He does not explain why the word "repeatedly" is different than "frequently" or why it would draw from the credibility of Dr.

Head's opinion. Thus, the ALJ's second reason for giving little weight to Dr. Head's opinion is not a specific and legitimate reason supported by substantial evidence.

The ALJ noted that the third and final reason for discounting Dr. Head's opinion was the most significant, specifically that his opinion was not necessarily indicative of the supportability of Plaintiff's limitations for at least 12 months. AR 24. The ALJ reasoned that the opinion was to be afforded less weight because Dr. Head "saw the claimant just five months after the accident" and that there was "simply no way he could know which of the claimant's work-related limitations would have been likely to last for at least 12 continuous months, and which limitations would subside as the claimant continued to heal." AR 24. An ALJ "cannot arbitrarily substitute his own judgment for competent medical opinion…" *Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir.1998) (citations omitted); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (the ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *See also Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975) (noting that hearing examiner erred by failing to "set forth any specific reasons for rejecting the ... doctors' uncontroverted conclusions" and instead "go[ing] outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition" even though he "was not qualified as a medical expert"); *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017).

Here, Dr. Head's opinion makes no mention of whether he believes that Plaintiff's limitations would or would not last longer than 12-months. The ALJ's opinion that "[t]here was simply no way [Dr. Head] could know which of the claimant's work-related limitations would have been likely to last for at least 12 continuous months" is speculation pertaining to medical conditions, something an ALJ is not qualified to do. Accordingly, the ALJ impermissibly

substituted his opinion for that of a doctor. Thus, the ALJ's third reason for discounting Dr. Head's opinion is improper and is not a specific and legitimate reason supported by substantial evidence.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the RFC limits Plaintiff to standing and/or walking for 6 hours in an 8-hour day and sitting for 6 hours in an 8-hour day, with the ability to change positions every 30 minutes while remaining at the workstation. AR 20. This limitation does not reflect all aspects of Dr. Head's opinion, specifically that Plaintiff can walk for 1 hour in an 8-hour day and has overhead and forward reaching limitations. AR 390. As discussed above, the ALJ disregarded this limitation without citing any specific and legitimate reasons that are supported by substantial evidence. Had the ALJ not erred, his ultimate disability determination may have been different. Therefore, as this may have an impact on the disability determination, the ALJ's error is not harmless and requires reversal.

**II.     Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.**

Plaintiff next contends that the ALJ failed to properly evaluate Plaintiff's testimony regarding her symptoms. Dkt. 10, p. 9. The Court concludes the ALJ committed harmful error in

assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra.* Because Plaintiff will be allowed to present new testimony and new evidence on remand and because the ALJ's reconsideration of the medical evidence may have an impact on his assessment of Plaintiff's subjective symptom testimony, the ALJ must reconsider the Plaintiff's testimony on remand.

### III. Whether the ALJ erred in assessing Plaintiff's RFC and finding that Plaintiff is not disabled at Step 5.

Plaintiff contends the ALJ erred in assessing her RFC and finding her not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions presented to the vocational expert did not contain all Plaintiff's limitations, both described by Dr. Head and Plaintiff herself. Dkt. 10, p. 17. The Court concludes the ALJ committed harmful error when he failed to properly consider the opinion of Dr. Head. *See* Section I, *supra*. On remand, the ALJ is directed to re-evaluate the medical evidence and Plaintiff's subjective symptom testimony. *See* Sections I, II, *supra*. Therefore, the ALJ must also reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions"); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). Accordingly, because the ALJ must re-evaluate Plaintiff's RFC on remand, he must also reassess the findings at Step 5 to determine if there exist jobs in significant numbers in the national economy that Plaintiff can perform. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 24th day of September, 2019.

_____
David W. Christel
United States Magistrate Judge